# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 24, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID HYPES,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0174** (BOR Appeal No. 2049685)
                     (Claim No. 2013023875)

**JACKIE WITHROW HOSPITAL,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David Hypes, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Jackie Withrow Hospital, by Lisa Warner Hunter and Julienne E. Thomas, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 28, 2015, in which the Board affirmed an August 12, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 17, 2013, decision rejecting Mr. Hypes's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hypes worked as a security guard at Jackie Withrow Hospital. On February 20, 2013, he was walking down a flight of stairs during his rounds of the hospital when his right knee gave out. Mr. Hypes did not fall, but his knee immediately began to swell. Mr. Hypes finished his shift and then was taken to Raleigh General Hospital. Mr. Hypes was told he may have torn ligaments in his knee. He was directed to refrain from work activities from February 24, 2013, through February 25, 2013. The next day, he filed an application for workers' compensation benefits. His application stated that he sustained a work-related knee sprain. Mr. Hypes was then treated by

1

Prakash Puranik, M.D. Dr. Puranik reviewed x-rays taken immediately after the injury at Raleigh General Hospital and found that Mr. Hypes's right knee had some arthritic changes. He believed that Mr. Hypes might have a meniscal tear. Two weeks later, Dr. Puranik had another x-ray taken of Mr. Hypes's right knee and found that he had a minimal degree of arthritis in his knee.

Mr. Hypes then submitted a written statement to the claims administrator. He asserted that he was injured while making his security rounds. He stated that he was walking down a flight of stairs and when he reached the bottom landing, his knee buckled. On April 17, 2013, the claims administrator rejected Mr. Hypes's application for workers compensation benefits. Following this decision, Mr. Hypes testified by deposition that his duties at Jackie Withrow Hospital included making patrols of the facility. He also admitted that his right knee felt weak as he began walking down the flight of stairs. Mr. Hypes, however, denied having any prior knee problems. He also admitted that he did not hit his knee on anything when his knee buckled. On August 12, 2014, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on January 28, 2015, leading Mr. Hypes to appeal.

The Office of Judges concluded that the incident of February 20, 2013, was not a compensable injury because it did not occur as a result of Mr. Hypes's employment. The Office of Judges found that it was undisputed that the incident occurred in the course of Mr. Hypes's employment because he was on the premises of Jackie Withrow Hospital and was currently working. However, the Office of Judges found that Mr. Hypes's knee buckled while he was engaged in a normal activity of walking. It also found that he did not trip or fall. It determined that his current knee complaints were attributable to an underlying condition and that descending a flight of stairs did not place him at a greater risk of injury. The Office of Judges also noted that the medical evidence in the record did not attribute his knee condition to his work. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Hypes has not demonstrated that he suffered a compensable injury in the course of and resulting from his employment. The evidence in the record shows that Mr. Hypes's right knee buckled while he was walking down a flight of stairs on the premises of his employer, Jackie Withrow Hospital. Mr. Hypes has not established a sufficient causal relationship between this incident and his work activities to hold that it occurred as a result of his employment. The objective diagnostic evidence in the record shows that Mr. Hypes has arthritic changes in his right knee. Because the evidence in the record indicates that Mr. Hypes's current knee problems are more likely related to an underlying, non-compensable condition, the Office of Judges was within its discretion in not holding the claim compensable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 24, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II